UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| HARRIMAN OIL CO., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:12V00681 AGF |
| | ) |
| JEFF HEBERLIE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity matter is before the Court on Plaintiff's motion for voluntary dismissal without prejudice under Federal Rule of Civil Procedure 41(a)(2), with the parties to bear their own costs. Defendant opposes the motion, asserting that any dismissal should be with prejudice and with costs assigned to Plaintiff. For the reasons set forth below, Plaintiff's motion shall be denied.

## BACKGROUND

In this action, commenced on August 3, 2011, Plaintiff seeks damages against Defendant based on Defendant's personal guarantee of a sales agreement between Plaintiff and another entity. Defendant filed a motion for summary judgment arguing that he had filed for bankruptcy and that as his bankruptcy was a no asset case, Plaintiff's claim was barred by the bankruptcy discharge even though Defendant did not list Plaintiff's debt in his bankruptcy filings. The Court granted Plaintiff leave to file an amended complaint adding a claim of fraud by Defendant that would have prevented a

discharge in bankruptcy. On March 15, 2012, the Court denied Defendant's previous motion for summary judgment as moot, as the motion was addressed to the original complaint. On the same day, Defendant filed an answer to the amended complaint.

On April 16, 2012, Defendant sought discovery by deposition and asked Plaintiff to identify representatives with relevant knowledge concerning the alleged fraud and notice to Defendant that the Sale Agreement was in default, and also to supply possible dates for their depositions. On May 8, 2012, after Plaintiff did not identify any such individuals or supply dates for depositions, Defendant noticed the deposition of Plaintiff for May 17, 2012. Defendant's counsel called Plaintiff's counsel to see if Plaintiff was going to appear for the deposition, at which time Plaintiff's counsel indicated that Plaintiff was going to dismiss the action. The motion now under consideration was filed on May 23, 2012.

## **DISCUSSION**

Once an opposing party has filed either an answer or a motion for summary judgment, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "[A] dismissal pursuant to Rule 41(a)(2) is not one of right but is rather a matter for the discretion of the trial court." *Great Rivers Coop. of Se. Iowa v. Farmland Indus., Inc.*, 198 F.3d 685, 689 (8th Cir. 1999).

In considering whether to grant a motion for dismissal without prejudice, a court should take into consideration: "(1) the defendant's effort and the expense involved in

2

preparing for trial, (2) excessive delay and a lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant." *Paulucci v. City of Duluth*, 826 F.2d 780, 783 (8th Cir. 1987) (citation omitted). "In general, a district court should not grant a motion for voluntary dismissal merely because a plaintiff seeks a more favorable forum or wishes to escape an adverse decision." *Beavers v. Bretherick*, 227 F. App'x 518, 521 (8th Cir. 2007).

Here, given the history of the litigation and the fact that Plaintiff has not presented any explanation - much less a sufficient explanation - for its desire to dismiss the case, the Court concludes that Plaintiff's motion for dismissal without prejudice should be denied. *See id.* (reversing the district court's grant of the plaintiff's motion to dismiss without prejudice where the plaintiff did not provide a reason for his desire to dismiss and had exhibited a lack of diligence in prosecuting his case); *Walton v. Wal-Mart Stores, Inc.*, No. 4:09CV4 HEA, 2010 WL 1706047, at *2 (E.D. Mo. Apr. 28, 2010) (denying the plaintiff's motion to dismiss without prejudice where the defendants had expended time and expense in preparing a motion for summary judgment, and the plaintiff offered no explanation as to why he need to dismiss the case).

# CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Harriman Oil Co.'s motion for voluntary dismissal without prejudice is **DENIED**. (Doc. No. 58.) Plaintiff remains free to move for dismissal of the case with prejudice.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 6th day of July, 2012.